IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED MAY 19 2017

| | | |
|---|---|---|
| JOHN WILLARD FULLER, | : | CIVIL ACTION NO. 2:16-cv-00995-GAM |
| Plaintiff, | : | Honorable Gerald A. McHugh |
| v. | : | JURY TRIAL DEMANDED |
| CHRISTOPHER NARKIN, et al., | : | |
| Defendants. | : | |

## AMENDED COMPLAINT

**NOW COMES** Plaintiff John Willard Fuller ("Plaintiff"), by and through his counsel, and brings suit against Defendants Nicholas Dumas, Sean Forsyth, and Christopher Narkin and alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought under 42 U.S.C. § 1983 for damages arising out of violations of John Willard Fuller's Fourth Amendment rights under the Constitution of the United States and for related state law claims.

### JURISDICTION & VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this is a civil action arising under the Constitution and laws of the United States.

3. Jurisdiction of this Court also arises under 28 U.S.C. § 1343(a), 28 U.S.C. § 1367(a), and 42 U.S.C. § 1983.

4. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff, John Willard Fuller, is a citizen and resident of New Jersey and a citizen of the United States.

6. Defendant Sean Forsyth is a deputy sheriff with the Montgomery County Sheriff's Office, and was so at all times relevant to this Complaint. Defendant Forsyth is sued in his individual capacity.

7. Defendant Nicholas Dumas is a corporal police officer with the Norristown Police Department, and was so at all times relevant to this Complaint. Defendant Dumas is sued in this case in his individual capacity.

8. Defendant Christopher Narkin is a patrol officer with the Norristown Police Department, and was so at all times relevant to this Complaint. Defendant Narkin is sued in this case in his individual capacity.

9. At all times referred to herein, Defendants acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the state of Pennsylvania.

## FACTS

10. On the evening of October 16, 2014, Plaintiff was driving a semi-trailer truck east on Interstate 76 in the western Philadelphia suburbs when he mistakenly exited from the highway to Norristown, Pennsylvania.

11. While searching for the on-ramp to the interstate, Plaintiff drove at a high rate of speed through Norristown.

12. Defendant Narkin observed Plaintiff's truck and pursued Plaintiff through Norristown until Plaintiff drove through a metal guardrail onto U.S. Route 202.

13. Upon information and belief, the guardrail damaged Plaintiff's truck's brake system, causing the brakes to automatically engage and stop the truck.

14. Once the truck stopped, Defendants Narkin and Dumas arrived on the scene, exited their patrol cars, approached the front of Plaintiff's truck with their guns drawn, and demanded that Plaintiff surrender from his vehicle.

15. Plaintiff, fearing for his life and hearing the officers shouting, raised his arms in the air in compliance with the orders of Defendants Narkin and Dumas.

16. Plaintiff kept his arms in the air at all times and at no point, dropped his arms, made any sudden movements, or engaged in any threatening behavior that warranted the use of Defendants Narkin or Dumas' weapons.

17. Without warning, justification, or provocation, Defendant Narkin fired three rapid fire shots into the cabin of Plaintiff's truck while Plaintiff's arms were still in the air. Plaintiff heard the first shot ring and then felt the second bullet penetrate his skin on the inside of his left elbow. The third bullet missed Plaintiff.

18. Defendant Narkin failed to give any warning that he intended to use his firearm and failed to use other less lethal tactics than discharging a firearm.

19. After being shot, Plaintiff immediately fell to the floor of the truck.

20. As a direct and proximate result of Defendant Narkin's conduct, Plaintiff suffered debilitating physical damage to his arm and underwent multiple surgeries.

21. After the October 16, 2014 incident, Defendants Narkin, Dumas, and Forsyth conspired against Plaintiff to deprive Plaintiff of his civil rights by falsely claiming that Plaintiff attempted to drive his truck in the direction of Defendants after Plaintiff was ordered to surrender.

22. Defendants willfully misrepresented and suppressed the truth that Plaintiff was unlawfully and unjustifiably shot.

23. Defendants filed official investigative reports, testified, and furthered the criminal prosecution of Plaintiff.

24. At all times relevant to this Complaint, the conduct of Defendants was in willful, reckless, and callous disregard of Plaintiff's rights under federal and state law.

## COUNT I: EXCESSIVE FORCE

(On behalf of Plaintiff against Defendant Narkin)

25. Plaintiff re-alleges and incorporates the forgoing allegations as if set forth herein in their entirety.

26. Defendant Narkin's conduct constitutes excessive and unreasonable force, and deprived Plaintiff of his right to be secure in his person against unreasonable seizures.

27. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse by Defendant Narkin committed under color of law and under his authority as City of Norristown police officer, Plaintiff suffered grievous bodily harm and was deprived of his right to be secure in his person against unreasonable seizure of his person, in violation of the Fourth Amendment to the U.S. Constitution, as applied to the states by the Fourteenth Amendment, in violation of Title 42 U.S.C. § 1983 and under the Pennsylvania Constitution, and the Pennsylvania Civil Rights Act, 42 Pa. C.S. § 8309.

28. The acts of Defendant Narkin as set forth above were intentional, wanton, malicious, and oppressive.

-5-

## COUNT II: BATTERY

(On behalf of Plaintiff against Defendant Narkin)

29. Plaintiff re-alleges and incorporates the forgoing allegations as if set forth herein in their entirety.

30. As detailed above, Defendant Narkin, without proper grounds, willfully and intentionally shot Plaintiff in his arm while his hands were raised in the air. Defendant Narkin's acts resulted in nonconsensual, offensive contact with Plaintiff.

31. Defendant Narkin had no legal justification for using excessive force against Plaintiff, and Defendant Narkin used such force while in his capacity as a police officer of Norristown Police Department.

32. As a direct legal and proximate result of Defendant Narkin's actions, Plaintiff was injured and suffered damages.

## COUNT V: CONSPIRACY

(On behalf of Plaintiff against all Defendants)

33. Plaintiff re-alleges and incorporates the forgoing allegations as if set forth herein in their entirety.

34. After Plaintiff was shot, Defendant Narkin along with Defendants Dumas and Forsyth knowingly agreed, contrived, and conspired among themselves to deprive Plaintiff of his civil rights.

35. Defendants committed the above-described wrongs by willfully misrepresenting and suppressing the truth that Plaintiff was unlawfully and unjustifiably shot.

36. Defendants misrepresented and justified the use of force in shooting Plaintiff by falsely claiming that Plaintiff attempted to drive the truck in the direction of Defendants after Plaintiff surrendered.

37. In furtherance of this conspiracy, Defendants filed official investigative reports, testified, and furthered the criminal prosecution of Plaintiff in violation of his Fourth Amendment and substantive due process rights under the U.S. Constitution, in violation of Title 42 U.S.C. § 1983. Such meeting of the minds in furtherance of this unlawful objective establishes the existence of a civil conspiracy between all of the Defendants, and such acts have damaged Plaintiff.

38. As a direct legal and proximate result of the above-referenced agreement by Defendants committed under color of law and under their authority as officers for the Norristown Police Department and/or Montgomery County Sheriff's Office, Plaintiff suffered emotional distress, mental anguish, and other losses and damages, including, but not limited to, pecuniary losses and damages in the form of past and future medical expenses.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests:

    A.    Compensatory damages as to all Defendants;

    B.    Punitive damages as to all Defendants;

    C.    Such other and further relief as may appear just and appropriate.

    D.    Attorneys' fees and cost.

Plaintiff demands a trial by jury.

*[signature]*

Jeremy A. Gunn, Esq. (PA ID 320056)
Louis R. Moffa, Jr. (PA ID 55533)
Carrie Sarhangi Love (PA ID 202846)
MONTGOMERY MCCRACKEN
 WALKER & RHOADS LLP
123 S. Broad St., 24th Fl.
Philadelphia, PA 19109-1029
Tel. (215) 772-7598
Email: jgunn@mmwr.com

*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WILLARD FULLER, | : | CIVIL ACTION NO. 2:16-cv-00995-GAM |
| | : | |
| Plaintiff, | : | Honorable Gerald A. McHugh |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER NARKIN, et al., | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, Jeremy A. Gunn, hereby certify that on May 19, 2017, I filed Plaintiff's Amended Complaint with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record by United States First Class Mail.

Suzanne McDonough, Esq.
Holsten & Associates
One Olive Street
Media, PA 19063

Philip W. Newcomer, Esq.
Montgomery County Solicitor's Office
P.O. Box 311
Norristown, PA 19404

Jeremy A. Gunn, Esq. (PA ID 320056)
Louis R. Moffa, Jr. (PA ID 55533)
Carrie Sarhangi Love (PA ID 202846)
MONTGOMERY MCCRACKEN
 WALKER & RHOADS LLP
123 S. Broad St., 24th Fl.
Philadelphia, PA 19109-1029
Tel. (215) 772-7598
Email: jgunn@mmwr.com
*Counsel for Plaintiff*